**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| GRY, INC. d/b/a PAUL S. YONEY CO., | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | :    No. 3:04CV526(DJS) |
| | : |
| LUMBERMENS MUTUAL CASUALTY CO., | : |
| | : |
|     Defendant. | : |
| ———————————————— | : |
| | : |
| LUMBERMENS MUTUAL CASUALTY CO., | : |
| | : |
|     Third-Party Plaintiff, | : |
| | : |
| v. | : |
| | : |
| REGIONAL SCHOOL DISTRICT NO. 9 and P. FRANCINI & COMPANY, INC., | : |
| | : |
|     Third-Party Defendants. | : |

**MEMORANDUM OF DECISION AND ORDER**

Now pending in this diversity action for damages based upon the breach of a construction contract is third-party defendant Regional School District No. 9's motion (dkt. # 31) to dismiss Count Two of the Third-Party Complaint pursuant to Rules 12(b)(3) and (6) of the Federal Rules of Civil Procedure.  For the reasons that follow, Regional School District No. 9's  motion to dismiss (dkt. # 31) is **DENIED without prejudice** inasmuch as it seeks dismissal under Rule 12(b)(6), and it is **GRANTED** inasmuch as it

seeks dismissal under Rule 12(b)(3).

## I. BACKGROUND

GRY, Inc. d/b/a Paul S. Yoney Co. ("Yoney") furnished material and services to P. Francini & Company ("Francini") pursuant to a contract dated August 3, 2001 in connection with renovations and additions to Joel Barlow High School in Redding, Connecticut.  Francini was the general contractor on this project, which was undertaken at the request of Regional School District No. 9 ("the District").  Lumbermens Mutual Casualty Company ("LMCC") issued a performance bond and a payment bond for which Francini is the principal.

Yoney has sued LMCC under the terms of the payment bond in the first-party action to collect a sum allegedly due from Francini.  LMCC, by way of a third-party complaint, sued Francini for exoneration (Count One), sued the District for breach of the contract between the District and Francini as assingee of Francini's rights (Count Two), and sued the District for breach of a settlement agreement to which both LMCC and the District are parties (Count Three).  Francini has sued Yoney by way of cross-claim and alleges breach of contract (First and Second Count), indemnity (Third Count), negligent misrepresentation (Fourth Count), intentional or fraudulent misrepresentation (Fifth Count), unjust enrichment or restitution (Sixth Count), civil theft (Seventh Count), breach of the covenant of good faith and

fair dealing (Eighth Count), bad faith (Ninth Count), and violation of the Connecticut Unfair Trade Practices Act (Tenth Count).

## II. DISCUSSION

The District contends that the forum selection clause in the General Conditions of the Contract for Construction requires that this action be litigated in the Connecticut Superior Court for the Judicial District of Danbury, and, therefore, that this action must be dismissed because venue is not proper in the District of Connecticut.  The forum selection clause provides the following:

> Any disputes or claims that cannot be amicably resolved between the parties will be submitted to the Superior Court for the Judicial District of Danbury, Connecticut.  In no event will any dispute or claim be submitted to arbitration unless expressly agreed to by the Owner at its sole discretion.

(Dkt. # 31, Ex. A § 4.4.3). This forum selection clause is mandatory; because it unambiguously states that all disputes "will be submitted" to the Superior Court in Danbury, language expressly excluding other venues is not necessary.  The limited exception for arbitration does not alter this conclusion.

"A forum selection clause is enforceable unless it is shown that to enforce it would be 'unreasonable and unjust' or that some invalidity such as fraud or overreaching is attached to it." New Moon Shipping Co., Ltd. v. MAN B & W Diesel AG, 121 F.3d 24, 29 (2d Cir. 1997) (quoting M/S Bremen v. Zapata Off-Shore Co.,

407 U.S. 1, 15 (1972)); see Evolution Online Systems, Inc. v.

Koninklijke PTT Nederland N.V., 145 F.3d 505, 510 n.10 (2d Cir.

1998) (applying M/S Bremen analysis to non-admiralty cases).  A

forum selection clause is unreasonable under the following

circumstances:

> (1) if [its] incorporation into the agreement was the
> result of fraud or overreaching . . .; (2) if the
> complaining party "will for all practical purposes be
> deprived of his day in court," due to the grave
> inconvenience or unfairness of the selected forum . .
> .; (3) if the fundamental unfairness of the chosen law
> may deprive the plaintiff of a remedy . . .; or (4) if
> the clause[] contravene[s] a strong public policy of
> the forum state. . . .

Roby v. Corporation of Lloyd's, 996 F.2d 1353, 1364 (2d Cir.

1993) (quoting M/S Bremen, 407 U.S. at 18) (citations to M/S

Bremen omitted).  "The party claiming unreasonableness of a forum

selection clause bears a heavy burden; in order to escape the

contractual clause, he must show 'that trial in the contractual

forum will be so gravely difficult and inconvenient that he will

for all practical purposes be deprived of his day in court.'" New

Moon Shipping Co., Ltd., 121 F.3d at 32 (quoting  M/S Bremen, 407

U.S. at 15).

     LMCC has not met its burden under M/S Bremen.  Although the

other claims in this case will be tried in this court, the cost

of pursuing its breach of contract claim against the District in

Danbury is not prohibitive, and LMCC can petition this court for

a stay pending this litigation in order to prevent duplicative

litigation.  There is no reason to deviate from the valid

mandatory forum selection clause, and Count Two must be dismissed

without prejudice to re-filing in the proper venue.

### III. CONCLUSION

For the reasons set forth herein, the District's motion to

dismiss (dkt. # 31) is **GRANTED** inasmuch as it seeks dismissal

under Rule 12(b)(3).  Because the sufficiency of the claim itself

is best left to the court with both venue and jurisdiction, the

District's motion is **DENIED without prejudice** with respect to its

arguments under Rule 12(b)(6).  Count Two of the Third-Party

Complaint is **DISMISSED without prejudice** to re-filing in the

proper venue.

So ordered this 17th day of June, 2005.


**/s/DJS**

**_____**
**DOMINIC J. SQUATRITO**
**UNITED STATES DISTRICT JUDGE**